IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNIVERSAL LIFE CHURCH
MONASTERY STOREHOUSE, INC.,
and GEORGE FREEMAN,**

    Plaintiffs,

vs.                                        Case No. 4:13cv546-RH/CAS

**UNIVERSAL LIFE CHURCH
WORLD HEADQUARTERS, INC.,
and MICHAEL J. CAULEY,
and JANE DOE CAULEY,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case was transferred from the United States District Court, Western District of Washington, doc. 37, and received in this Court on October 3, 2013, doc. 38. The Order directing transfer, doc. 37, granted in part Defendant Cauley's motion to transfer, but did not determine other issues raised in the motion to dismiss, doc. 24. Specifically, the Order did not determine whether personal jurisdiction existed or whether venue was proper, doc. 37 at 3, but found subject matter jurisdiction existed, at least on this record. *Id.* at 4. After review,[1] an Order was entered reminding pro se Defendant Michael

---

[1] A complaint was filed on April 2, 2013, against three Defendants alleging defamation and breach of a settlement agreement. Doc. 1. The Defendants are

Cauley that he may only represent himself in this case because he is not an attorney licensed by the State of Florida and, thus, may not represent Defendant ULCWH. Doc. 42. The motion for default, doc. 33, was granted and the Clerk of Court entered default pursuant to Rule 55(a) against Defendant ULCWH. *See* doc. 43.

The Order, doc. 42, also noted that a motion to dismiss was filed on October 16, 2013, by Defendant Cauley, doc. 41. Although the motion would not be deemed to be filed by Defendant ULCWH, it was filed by Defendant Cauley and sought dismissal based on improper jurisdiction. Doc. 41. Plaintiffs were directed to respond to the motion by November 15, 2013, doc. 42, and although Plaintiffs' response was untimely,[2] doc. 46, it will be considered.

Defendant Cauley filed a motion for default against Plaintiffs when a response to the motion to dismiss had not been filed by the deadline. Doc. 45. Because a response has been filed, and because it is preferable to adjudicate a motion on the merits and not for a technical failure, Defendant Cauley's motion for default, doc. 45, should be

---

Michael J. Cauley, Jane Doe Cauley (husband and wife), and the Universal Life Church World Headquarters, Inc. (ULCWH), a Florida Corporation. *Id.* Plaintiffs seek injunctive relief and liquidated damages of $10,000.00 for each of the thirteen alleged violations of the agreement. *Id.* at 7. Summons were issued, doc. 5, and service was executed on Defendant Michael J. Cauley, doc. 9, and on Defendant ULCWH, doc. 10, on May 8, 2013. The Complaint alleges that in February 2011, Plaintiff Universal Life Church Monastery brought suit against Defendant Michael Cauley in Florida state court which resulted in a Mediation Settlement Agreement dated December 17, 2012. Doc. 1 at 5. Pursuant to that Agreement, the case was dismissed without prejudice. *Id.*

[2] Plaintiffs filed a belated response on December 5, 2013, doc. 46, and did not request either an extension of time or permission to file an out of time response. Plaintiffs contend that Defendant Cauley did not serve Plaintiffs with the motion but, instead, Defendant ULCWH served the motion. Doc. 46 at 4. Had Plaintiffs not been served with the motion as directed by this Court, Plaintiffs should have properly filed a notice to the Court rather than ignore a Court imposed deadline.

Case No. 4:13cv546-RH/CAS

denied.[3]  Moreover, Defendant Cauley filed a reply, doc. 47, to Plaintiff's response, doc. 46, to his motion for default, doc. 45.  Pursuant to the local rules of this Court, "[n]o reply memoranda shall be filed absent a showing of good cause and upon leave of the court."  N.D. Fla. Loc. R. 7.1(C)(2).  Because Defendant Cauley neither requested nor received leave to file a reply, and because good cause was not shown, the reply, doc. 47, will not be considered.

The motion to dismiss, doc. 41,[4] asserts this case should be dismissed "for improper jurisdiction."  Doc. 41 at 2.  Defendant Cauley appears to argue that the complaint, which seeks damages for 13 violations of the parties mediation agreement, is improper because "there are no violations by Defendant(s) and claims of a $10,000 penalty for each . . . violation of mediation agreement by Defendant(s) are unreasonable."  Doc. 41 at 4.  Defendant Cauley further argues that several items published were "not under the control of Defendant(s)."  *Id.* at 4-5.  Thus, he argues the $75,000.00 threshold requirement has not been met and this case belongs in state court.  *Id.* at 5.

Defendant Cauley's defense goes to the merits of the complaint and not to the issue of whether this Court has jurisdiction.  A complaint asserts federal court

---

[3] To the degree Defendant Cauley also argues that default against ULCWH should be vacated because hiring an attorney would go against the Defendant's religious believes that money collected should not be used for non-Biblical purposes, the argument must be rejected.  Defendant ULCWH cannot proceed without counsel as was explained previously, *see* doc. 42, and Defendant Cauley cannot assert argument on behalf of that entity, as he was also informed previously.  *See* doc. 37 at 2, n.1.

[4] To the degree the motion to dismiss seeks to assert defenses on behalf of Defendant ULCWH, the motion must be denied because ULCWH has not entered an appearance in this case and is in default.  *See* doc. 41 at 5, 6-7.

Case No. 4:13cv546-RH/CAS

jurisdiction pursuant to 28 U.S.C. § 1332(a) by alleging the amount in controversy exceeds $75,000 and is between citizens of different states. The complaint does such, as was found by the United States District Judge John Coughenour of the Western District of Washington. Doc. 37 at 3. Whether the complaint is meritorious or not, and the amount of damages that may be awarded, are issues that will be resolved at a later date. At this time, the motion to dismiss, doc. 41, should be denied and Defendant Cauley should be required to file a proper answer[5] to the complaint within twenty days of the date this report and recommendation is adopted.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Cauley's motion for default, doc. 45, be **DENIED**, that the motion to dismiss for improper jurisdiction, doc. 41, be **DENIED**, that Defendant Cauley be **ORDERED** to file a response to Plaintiffs' complaint, doc. 1, within twenty days of the date this report and recommendation is adopted, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 9, 2013.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] As noted by Judge Coughenour, an answer to the complaint "was due on May 29, 2013." Doc. 21 at 2. Additionally, Defendants' motion for an extension of time to answer the complaint was denied, *Id.* at 3-4, but an answer has yet to be filed.

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.