IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNIVERSAL LIFE CHURCH
MONASTERY STOREHOUSE, INC.,
and GEORGE FREEMAN,

      Plaintiffs,

v.                            CASE NO. 4:13cv546-RH/CAS

UNIVERSAL LIFE CHURCH
WORLD HEADQUARTERS, INC.,
and MICHAEL J. CAULEY and
JANE DOE CAULEY,

      Defendants.

_____/

## ORDER CONFIRMING THE DEFAULT OF THE CORPORATE DEFENDANT, DENYING THE MOTION TO DEFAULT THE PLAINTIFFS, AND DENYING THE MOTION TO DISMISS

      This case is before the court on the report and recommendation, ECF No. 48, and the objections, ECF No. 49. The objections take issue not only with the report and recommendation but also with an earlier order entered by the magistrate judge. I have reviewed *de novo* the issues raised by the objections. The report and recommendation and earlier order are correct and are adopted as the court's opinion, with these additional notes.

I

By order entered October 22, 2013, the magistrate judge determined that the defendant Universal Life Church World Headquarters, Inc. ("ULCWH") was in default.  This was so because ULCWH had attempted to file papers only through a nonattorney, the defendant Michael J. Cauley.  Mr. Cauley is appearing pro se and is entitled to do so.  But he cannot represent others because he is not an attorney.  As the October 22 order correctly held, a corporation can appear in court proceedings only through an attorney.  The October 22 order cited some of the many cases so holding.

In his objections to the report and recommendation now before the court, Mr. Cauley continues to assert ULCWH was not and is not in default because Mr. Cauley filed papers on its behalf.  That is plainly wrong.  Papers filed by a nonattorney purportedly on behalf of ULCWH are of no effect.  ULCWH can file a motion, through an attorney, to vacate the default, but ULCWH cannot file papers in this court through a nonattorney.  The issue is not close.

It is true, as Mr. Cauley says, that he can represent ULCWH in other settings.  Outside of court proceedings, corporations act and speak through officers, employees, and other agents.  The officers, employees, and other agents need not be attorneys.  But in court, only an attorney can speak for a corporation.  And that is true even when, as here, the corporation operates a church.  Freedom of

religion does not give a nonattorney a right to represent others in court. Freedom of religion does not give a corporation a right to appear in court through a nonattorney. By choosing to operate in corporate form, ULCWH gave up the right to represent itself in court or to appear in court through a nonattorney.

If ULCWH intends to appear through an attorney and challenge the default, it should do so promptly. Continued recalcitrance will accomplish nothing but will make less likely the granting of any later motion to vacate the default. ULCWH now has known for months that it must appear through an attorney or suffer a default.

II

Mr. Cauley asserts a default should be entered against the plaintiffs for delay in responding to Mr. Cauley's motion to dismiss. He says it is unfair to default ULCWH while not defaulting the plaintiffs.

Not so. The difference is this: ULCWH has violated the court's rules by not responding to the complaint at all, even now; the purported response filed by Mr. Cauley is of no effect, because Mr. Cauley is not an attorney and cannot represent ULCWH in court. The plaintiffs, in contrast, have responded to the motion to dismiss. And the response is well founded.

As the report and recommendation correctly notes, resolving disputes on the merits is far preferable to resolving disputes by default. It would have been better

had ULCWH responded to the complaint on time or even late. There is a difference between being late and not responding at all.

III

Mr. Cauley complains that the magistrate judge did not consider the reply memorandum Mr. Cauley tendered. The court's rules prohibit the filing of a reply memorandum without leave of court. Even so, the exclusion of this reply memorandum made no difference. The ruling would have been the same with or without the reply memorandum. Arguing longer or last rarely makes a difference.

IV

The complaint alleges that the parties entered a contract, that the defendants committed 13 violations of the contract, and that the contract provides for liquidated damages of $10,000 per violation. At least on its face, this is a good-faith claim for $130,000. The amount in controversy thus exceeds the jurisdictional minimum of $75,000. The report and recommendation correctly concludes that the motion to dismiss is unfounded.

V

For these reasons and those set out in the October 22 order and the report and recommendation,

IT IS ORDERED:

1. The report and recommendation, ECF No. 48, is ACCEPTED and adopted as the court's further opinion.

2. The motion for default, ECF No. 45, is DENIED.

3. The motion to dismiss for lack of jurisdiction, ECF No. 41, is DENIED.

4. The untimely objection to the order of October 22, 2013, is overruled. ULCWH is in default and will remain in default unless the court grants a motion—filed by an attorney on ULCWH's behalf—to vacate the default.

5. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on December 20, 2013.

                                        s/Robert L. Hinkle
                                        United States District Judge